MARTHA C. LUEMERS SBN 104658
DORSEY & WHITNEY LLP
1717 Embarcadero Road
P.O. Box 51050
Palo Alto, California 94303
Telephone: (650) 857-1717
Facsimile: (650) 857-1288
E-mail: eFilingPA@dorsey.com
E-mail: luemers.martha@dorsey.com

PAUL T. MEIKLEJOHN, *Pro Hac Vice App. Pending*
DOUGLAS F. STEWART, *Pro Hac Vice App. Pending*
DORSEY & WHITNEY LLP
U.S. Bank Centre
1420 Fifth Ave., Suite 3400
Seattle, WA 98101
Telephone: (206) 903-8800
Facsimile: (206) 903-8820
E-mail: meiklejohn.paul@dorsey.com
E-mail: stewart.douglas@dorsey.com

Attorneys for Defendants
TOSHIBA CORPORATION and
TOSHIBA AMERICA CONSUMER
PRODUCTS LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NEW MEDIUM TECHNOLOGIES LLC, AV TECHNOLOGIES LLC, J. CARL COOPER, PIXEL INSTRUMENTS CORPORATION, IP INNOVATION LLC, and TECHNOLOGY LICENSING CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>BARCO N.V., MIRANDA TECHNOLOGIES, TOSHIBA CORPORATION, TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C., and SYNTAX-BRILLIAN CORPORATION,<br><br>Defendants. | **MISC. CASE NO. CV 07 80226 JF (RS)**<br><br>**Underlying Action**<br>USDC Northern District of Illinois<br>Eastern Division<br>Civil Action No. 05-CV-5620<br><br>**MOTION TO COMPEL DEPOSITION OF JERRY B. TORRANCE, JR.**<br><br>**Date: To be determined**<br>**Time: To be determined**<br>**Dept.: To be determined** |

**NOTICE OF MOTION**

TO ALL PARTIES, JERRY B. TORRANCE, JR. AND TO THEIR ATTORNEYS:

PLEASE TAKE NOTICE that on a date and at a time and department of this Court to be determined by the Court pursuant to the contemporaneously filed motion of Defendants Toshiba Corporation and Toshiba America Consumer Products, L.L.C. (collectively "Toshiba") to shorten time for the presentment of this motion compel, Toshiba shall bring on for hearing its Motion to Compel the Deposition of Jerry B. Torrance, Jr.

By this motion, Toshiba respectfully moves the Court for an order compelling Jerry B. Torrance Jr. ("Torrance"), a non-party to the underlying patent infringement action pending in the Northern District of Illinois, to appear for a deposition in this judicial district on October 18 or 19 or on such other date as Toshiba's counsel Paul T. Meiklejohn ("Toshiba's counsel") is available and the court in the underlying action permits.

**POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Toshiba properly served Torrance on August 6, 2007 with a subpoena ordering him to appear for deposition on August 27, 2007, but Torrance refused to appear on that date or to make a reasonable effort to reach agreement on an alternate date. In the entire 74-day period between August 6, when Torrance was served with the deposition subpoena, and the October 19 fact discovery cut-off in the underlying action, his counsel offered only two dates for Torrance's deposition, both of which were known to his counsel to be unworkable for Toshiba's counsel. Toshiba offered to stipulate to take Torrance's deposition after October 19 on a mutually agreeable date, but Torrance's counsel has failed to respond.

In the five court days that will remain for fact discovery after the date Toshiba seeks (by its concurrently filed motion to shorten time) to have this motion heard, Toshiba's counsel is available on October 18 and 19. Other dates might be made available if plaintiffs'/Torrance's counsel were to cooperate in moving other depositions that week or in stipulating to Torrance being deposed on a mutually agreeable date after October 19. Therefore, Toshiba requests that the Court order Torrance to appear for a deposition in this judicial district on October 18 or 19 or

-2-

on such other date as Toshiba's counsel is available and the court in the underlying action permits (e.g., pursuant to stipulation that the deposition be taken after October 19).

## II. BACKGROUND

Plaintiffs have sued Toshiba and other defendants in the District Court for the Northern District of Illinois (the "Underlying Action") alleging patent infringement. Declaration of Paul T. Meiklejohn in Support of Motion to Compel Deposition of Jerry B. Torrance. ("Meiklejohn Decl.") ¶ 2 & Exhs. C & D. While one of the patents-in-suit was being prosecuted in the United States Patent and Trademark Office ("PTO"), Jerry B. Torrance, Jr. ("Torrance") submitted a personal declaration to the PTO in support of the pending patent application. Meiklejohn Decl. ¶ 2. Torrance's declaration was instrumental to the issuance of the patent. *Id*. Thus, Torrance is a non-party with discoverable information relevant to the claims and defenses in this case.

On August 6, 2007, Toshiba properly served Torrance in Portola Valley, California, with a subpoena commanding him to appear for a deposition in Palo Alto, California on August 27, 2007, 21 days after the subpoena was served. *Id*. ¶ 3 & Exh. A. Several days after Torrance was served with the subpoena, plaintiffs' counsel wrote to Toshiba's counsel stating that plaintiff's counsel was now representing Torrance. *Id*. ¶ 4 & Ex. G. The letter and attachment objected to the request for documents contained in the subpoena and objected to the timing of the scheduled document production (which had been set earlier than the deposition), but said nothing about the scheduled deposition date. *Id.*

Various phone calls and correspondence between counsel ensued. Meiklejohn Decl. ¶¶ 5-8 & Exhs. G-M. On August 16, 2007, plaintiffs' counsel claimed that Torrance was unavailable on August 27. *Id*. ¶ 5 & Ex. I. Toshiba's counsel repeatedly offered to reschedule the deposition to another mutually agreeable date, but plaintiffs'/Torrance's counsel initially claimed there was only one date (August 23, 2007) Torrance was available to be deposed during the time then remaining for fact depositions in the Underlying Action, but that date conflicted with previously scheduled depositions of Toshiba witnesses traveling from Japan. *Id.* ¶¶ 5-8 & Exhs. I-M. Later, Torrance's counsel stated that Torrance was available only on August 22 or 23, 2007. *Id.* ¶ 5 Exh. L. Again, Toshiba's counsel was unavailable to take the deposition on either

-3-

of those two days because of the previously scheduled depositions of Toshiba witnesses on those same days. *Id.* ¶ 5. This information was well-known to plaintiffs'/Torrance's counsel, because he was personally involved in scheduling the depositions of the Toshiba witnesses traveling from Japan, including the depositions already scheduled for August 22 and 23. *Id.*

After the court in the Underlying Action extended the fact discovery cut-off to October 19, 2007, Toshiba's counsel wrote to plaintiffs'/Torrance's counsel on September 10, 2007 in hopes of identifying a mutually agreeable date for Torrance's deposition within the extended period. Meiklejohn Decl. ¶ 8. Alternatively, because plaintiffs'/Torrance's counsel had referred vaguely to Torrance leaving the jurisdiction on a trip, Toshiba's counsel asked that plaintiffs'/Torrance's counsel stipulate to Toshiba taking Torrance's deposition after the discovery cut-off if that was when he returned. *Id.* ¶ 8 & Exh. M. Counsel for plaintiffs/Torrance never responded. *Id.* ¶ 8.

## III. ARGUMENT

The Federal Rules of Civil Procedure were amended in 1991 to permit attorneys to issue subpoenas rather than asking the U.S. District Courts to issue them. Subpoenas issued by counsel have the binding effect of court orders. *See Higginbotham v. KCS Int'l, Inc.*, 202 F.R.D. 444, 455 (D. Md. 2001); *Summit Bank v. Taylor*, 1997 WL 811526 (S.D.N.Y. 1997). Federal Rule of Civil Procedure 45(e) provides that the failure of "any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued." FED. R. CIV. P. 45(e). If a person subject to a subpoena does not want to appear for some reason, he must seek an order quashing or modifying the subpoena. *See* FED. R. CIV. P. 45(c)(3).

The applicable law was summarized by one court as follows:

> Even though subpoenas are issued by attorneys, they are issued on behalf of the Court and should be treated as orders of the Court. *See* Fed. R. Civ. P. 45(a) advisory committee note (1991 amend.) ("Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions."). Rule 45 of the Federal Rules of Civil Procedure provides that "[f]ailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed

-4-

**MOTION TO COMPEL TORRANCE DEPOSITION**
**MISC. CASE NO. CV 07 80226 JF (RS)**

>a contempt of the court from which the subpoena issued." Fed. R. Civ. P. 45(e). Although the Rule does not define "adequate excuse," it seems beyond doubt that the desire of a subpoenaed individual to work instead of attending the deposition is not an "adequate excuse" that would justify disobeying a subpoena. If it were, people would routinely walk out of depositions and the very purpose of subpoenas would be undermined.

*Higginbotham*, 202 F.R.D. at 455.

A person subject to a properly-served subpoena cannot avoid appearing simply by objecting or by leaving the jurisdiction. *See Aetna Cas. and Sur. Co. v. Rodco Autobody*, 130 F.R.D. 2, 16 Fed. R. Serv. 3d 241 (D. Mass. 1990). If a subpoena fails to give the witness adequate notice, a Court may decide not to find the witness in contempt, but that is not the case here. Torrance was served 21 days before the scheduled deposition date. Advance notice of 14 days is generally deemed sufficient under Rule 45. *See, e.g.,* FED. R. CIV. P. 45(c)(2)(B) (addressing when to make an objection to a document request in a subpoena and stating: "The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.")

Amendments to Rule 45 expressly permit a non-party to object in writing to <u>document requests</u> appearing in a subpoena. *See* FED. R. CIV. P. 45(c)(2)(B)(i). When a written objection is made, the burden shifts to the party who issued the subpoena to obtain a court order compelling production of documents. *See id.* By contrast, a witness cannot avoid <u>appearing</u> at the scheduled deposition merely by filing a written objection. If the witness does not wish to appear, he must either reach an agreement to re-schedule the deposition or obtain an order quashing or modifying the subpoena pursuant to Fed. R. Civ. P. 45(c)(3). Torrance did neither.

Torrance had a legal obligation to appear on the date set forth in the subpoena or obtain an order from this Court modifying the subpoena. Torrance could not avoid his obligation to appear merely by objecting to the scheduled deposition date and proposing two alternative dates that were not available for Toshiba's counsel. Toshiba's counsel attempted in good faith to re-schedule the deposition for another available date, but the restrictions imposed by Torrance were unreasonable and unworkable. In the absence of an agreement to re-schedule the deposition, or entry of a protective order, Torrance was required to appear on the date identified in the

-5-

**MOTION TO COMPEL TORRANCE DEPOSITION**
**MISC. CASE NO. CV 07 80226 JF (RS)**

subpoena. Therefore, this Court should compel the deposition of Torrance.

## IV.    CONCLUSION

For the foregoing reasons, Torrance should be ordered to appear for a deposition in this judicial district on October 18 or 19 or on such other date as Toshiba's counsel is available and the court in the Underlying Action permits.

Dated:  September 24, 2007

                          DORSEY & WHITNEY LLP

                          By    /S/
                              MARTHA C. LUEMERS
                              Attorneys for Defendants
                              TOSHIBA CORPORATION and
                              TOSHIBA AMERICA CONSUMER
                              PRODUCTS LLC