# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEW MEDIUM TECHNOLOGIES LLC, AV TECHNOLOGIES LLC, J. CARL COOPER, PIXEL INSTRUMENTS CORPORATION, IP INNOVATION LLC, and TECHNOLOGY LICENSING CORPORATION,<br><br>                 Plaintiffs,<br><br>v.<br><br>BARCO N.V., MIRANDA TECHNOLOGIES, TOSHIBA CORPORATION, TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C., and SYNTAX-BRILLIAN CORPORATION,<br><br>                 Defendants. | Civil Action No. 05 C 5620<br><br>Judge Amy St. Eve<br>Magistrate Judge Cole<br><br>Jury Trial Demanded |

**TOSHIBA AMERICA CONSUMER PRODUCTS
L.L.C.'S ANSWER AND COUNTERCLAIMS TO
PLAINTIFFS' CORRECTED FOURTH AMENDED COMPLAINT**

Defendant Toshiba America Consumer Products L.L.C. ("TACP") hereby answers the Corrected Fourth Amended Complaint (the "Complaint") filed by New Medium Technologies LLC, AV Technologies L.L.C., J. Carl Cooper, Pixel Instruments Corporation, IP Innovation LLC, and Technology Licensing Corporation (collectively "Plaintiffs") on August 15, 2007, as follows:

**PARTIES, JURISDICTION AND VENUE**

1.  This is a claim for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271. This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. § 1338(a).

**Response to Paragraph No. 1:**

TACP admits that this Court has exclusive original subject matter jurisdiction over claims arising under the patent laws of the United States, and that plaintiffs purport to assert claims for

patent infringement. Except as expressly admitted, TACP denies the remaining allegations of Paragraph No. 1.

2. New Medium is an Illinois limited liability company, with its principal place of business at 707 Skokie Boulevard, Suite 600, Northbrook, Illinois 60062.

### Response to Paragraph No. 2:

TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 2 and, on that basis, denies them.

3. AV Technologies is an Illinois limited liability company, with its principal place of business at 707 Skokie Boulevard, Suite 600, Northbrook, Illinois 60062.

### Response to Paragraph No. 3:

TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 3 and, on that basis, denies them.

4. J. Carl Cooper is an individual residing at 73 Shoreline Circle, Incline Village, NV 89450.

### Response to Paragraph No. 4

TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 4 and, on that basis, denies them.

5. Pixel Instruments Corporation is a Delaware corporation, with its principal place of business at 160 Albright Way, Suite B, Los Gatos, CA 95032-1822.

### Response to Paragraph No. 5

TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 5 and, on that basis, denies them.

6. IP is a Texas limited liability company, with its principal place of business at 707 Skokie Boulevard, Suite 600, Northbrook, Illinois 60062.

### Response to Paragraph No. 6:

TACP lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph No. 6 and, on that basis, denies them.

7.  TLC is a Nevada corporation and has its principal place of business at 1000 E. William Street, Suite 204, Carson City, NV 89701.

**Response to Paragraph No. 7:**

TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 7 and, on that basis, denies them.

8.  New Medium, Mr. Cooper, TLC and Pixel have standing to sue for infringement of the following patents:

| United States Patent No. 5,550,594 | "Apparatus and Method for Synchronizing Asynchronous Signals," issued August 27, 1996 ("the '594 Patent"), |
|---|---|
| United States Patent No. 5,946,049 | "Apparatus and Method for Synchronizing Multiple Asynchronous Signals," which issued August 31, 1999 ("the '049 Patent"), |
| United States Patent No. 6,141,057 | "Apparatus and Method for Maintaining Synchronization of Multiple Delayed Signals of Differing Types" which issued October 31, 2000 ("the '057 Patent"), |
| United States Patent No. 6,392,707 | "Apparatus and Method for Maintaining Synchronization of Multiple Delayed Signals," which issued May 21, 2002 ("the '707 Patent"), |
| United States Patent No. 6,469,741 B2 | "Apparatus and Method for Processing Television Signals," which issued October 22, 2002 ("the '741 Patent"). |
| United States Patent No. 6,989,869 | "Apparatus and Method for Digital Processing of Analog Television Signals," which issued January 24, 2006 ("the '869 Patent") |

**Response to Paragraph No. 8:**

TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 8 and, on that basis, denies them.

9.  AV Technologies, Mr. Cooper, TLC and Pixel have standing to sue for infringement of the following patents:

| United States Patent No. 4,573,070 | "Noise Reduction System for Video Signals," which issued February 25, 1986 ("the '070 Patent"), and |
|---|---|
| United States Patent No. 4,803,547 | "Adaptive Comb Filtering System for Processing Video Signals," which issued February 7, 1989 ("the '547 Patent"). |

3

**Response to Paragraph No. 9:**

TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 9 and, on that basis, denies them.

10.  IP and TLC together own the full and exclusive right, title and interest in and have standing to sue for infringement of the following patents:

| United States Patent No. 5,424,780 C 1 | "Apparatus and Method for Spatial Scan Modulation of a Video Display," which issued June 13, 1995 and, after a reexamination by the Patent and Trademark Office, was confirmed and found valid and patentable a second time on July 23, 2002 ("the '780 Patent"), and |
|---|---|
| United States Patent No. 6,529,637 B1 | "Spatial Scan Replication Circuit," which issued March 4, 2003 ("the '637 Patent"), and |
| United States Patent No. 6,870,964 | "Spatial Scan Replication Circuit," which issued March 22, 2005 ("the '964 Patent") |

**Response to Paragraph No. 10:**

TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 10 and, on that basis, denies them.

11.  Barco N.V. is an alien corporation having a principal place of business at Pre's. Kennedypark 35, 8500 Kortrijk, Belgium. Barco sells consumer and professional electronic products nationwide and in this judicial district.

**Response to Paragraph No. 11:**

TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 11 and, on that basis, denies them.

12.  Miranda is an alien corporation having a principal place of business at 3499, Douglas-B.-Floriani, Montreal, Quebec, Canada. Miranda sells electronic products nationwide and in this judicial district. It has a sales office in Barrington, Illinois.

**Response to Paragraph No. 12:**

TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 12 and, on that basis, denies them.

13.  Toshiba is an alien corporation organized and existing under the laws of Japan and having its primary place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan.

**Response to Paragraph No. 13:**

TACP admits the allegations of Paragraph No. 13.

14. Toshiba America Consumer Products is a wholly-owned subsidiary of Toshiba, with its primary place of business at 82 Totowa Rd., Wayne, NJ 07470.

**Response to Paragraph No. 14:**

TACP admits that is a wholly-owned subsidiary of Toshiba America, Inc., which, in turn, is a wholly-owned subsidiary of Toshiba. TACP also admits that its primary place of business is at 82 Totowa Rd., Wayne, NJ 07470. The remaining allegations of Paragraph No. 14 are denied.

15. Syntax-Brillian is a Delaware Corporation having its primary place of business at 1600 N. Desert Drive, Tempe, AZ 85281

**Response to Paragraph No. 15:**

TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 15 and, on that basis, denies them.

16. Barco has sold or offered to sell products that infringe the '594, '049, '057, '707, '741, '070, '547, '780, '637, '964, and '869 patents within this judicial district, and has advertised the sale of such products in this judicial district.

**Response to Paragraph No. 16:**

TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 16 and, on that basis, denies them.

17. Miranda has sold or offered to sell products that infringe the '594, '049, '057, '707, '741, '070, '547, and '869 patents within this judicial district, and has advertised the sale of such products in this judicial district.

**Response to Paragraph No. 17:**

TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 17 and, on that basis, denies them.

18. Toshiba America has sold or offered to sell products that infringe the '780, '637, and '964 patents within this judicial district, and has advertised the sale of such products in this judicial district.

**Response to Paragraph No. 18:**

TACP admits that it sells televisions, among other consumer electronics products, manufactured by TACP and/or others and that it advertises such products in this judicial district. Except as expressly admitted, TACP denies the allegations of Paragraph No. 18.

19. Toshiba has sold or offered to sell products that infringe the '780, '637, and '964 patents within this judicial district, and has advertised the sale of such products in this judicial district.

**Response to Paragraph No. 19:**

TACP lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph No. 19 and, on that basis, denies them.

20. Syntax-Brillian has sold or offered to sell products that infringe the '780, '637, and '964 patents within this judicial district, and has advertised the sale of such products in this judicial district.

**Response to Paragraph No. 20:**

TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 20 and, on that basis, denies them.

21. Barco, Miranda, Syntax-Brillian, Toshiba, and Toshiba America are subject to personal jurisdiction in this judicial district.

**Response to Paragraph No. 21:**

TACP admits the allegation of paragraph 21 to the extent it applies to TACP and Toshiba. To the extent the allegation applies to any other defendant, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph No. 21, and, on that basis, denies it.

22. Venue is proper in this district under 28 U.S.C. § 1400(b).

**Response to Paragraph No. 22:**

TACP admits the allegation of paragraph 22 to the extent it applies to TACP and Toshiba. To the extent the allegation applies to any other defendant, TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph No. 22 and, on that basis, denies it.

## PATENT INFRINGEMENT

23.     Barco has infringed the '594, '049, '057, '707, '741, '070, '547, '780, '637, '964, and '869 patents at least by making, using, importing, selling or offering to sell, and by inducing, aiding and abetting, encouraging or contributing to others' use of, among other products, television products that fall within the scope of one or more claims of the patents. Barco has received notice of its infringement of the patents.

**Response to Paragraph No. 23:**

TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 23 and, on that basis, denies them.

24.     Miranda has infringed the '594, '049, '057, '707, '741, '070, '547, and '869 patents at least by making, using, importing, selling or offering to sell, and/or by inducing, aiding and abetting, encouraging or contributing to others' use of, among other products, television broadcast products that fall within the scope of one or more claims of the patents. Miranda has received notice of its infringement of the patents.

**Response to Paragraph No. 24:**

TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 24 and, on that basis, denies them.

25.     Toshiba America has infringed the '780, '637, and '964 patents at least by making, using, importing, selling or offering to sell, and/or by inducing, aiding and abetting, encouraging or contributing to others' use of, among other products, television products, computers and MFPs that fall within the scope of one or more claims of the patents. Toshiba America has received notice of its infringement of the patents.

**Response to Paragraph No. 25:**

TACP admits that it received notice of plaintiffs' infringement allegations but such notice was received no earlier than the filing of the second amended complaint. In a September 27, 2001

letter from Warren E. Small, apparently counsel for plaintiffs and/or their predecessors, Mr. Small stated that certain products infringe "U.S. Patent 4,573,070 . . . and/or U.S. Patent 5,424,780." While the letter stated that certain products were alleged to infringe either the '070 patent or the '780 patent or both, in response to requests by counsel for Toshiba and/or its affiliates, plaintiffs never identified any specific product that they alleged infringed any claim of the '780 patent. Except as expressly admitted, TACP denies the remaining allegations of Paragraph No. 25 and specifically denies that it received "notice of its infringement" of any patent in this lawsuit before the filing of the second amended complaint.

26. Toshiba has infringed the '780, '637, and '964 patents at least by making, using, importing, selling or offering to sell, and/or by inducing, aiding and abetting, encouraging or contributing to others' use of, among other products, television products, computers and MFPs that fall within the scope of one or more claims of the patents. Toshiba has received notice of its infringement of the patents.

**Response to Paragraph No. 26:**

TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 26 and, on that basis, denies them.

27. Syntax-Brillian has infringed the '780, '637, and '964 patents at least by making, using, importing, selling or offering to sell, and/or by inducing, aiding and abetting, encouraging or contributing to others' use of, among other products, television products that fall within the scope of one or more claims of the patents. Syntax-Brillian has received notice of its infringement of the patents.

**Response to Paragraph No. 27:**

TACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 27 and, on that basis, denies them.

28. Barco's, Miranda's, Toshiba America's, Toshiba's, and Syntax-Brillian's separate acts of infringement have injured Plaintiffs, and Plaintiffs are entitled to recover damages adequate to compensate them for the infringement that has occurred, but in no event less than a reasonable royalty.

**Response to Paragraph No. 28:**

TACP denies the allegations of Paragraph No. 28 to the extent that they apply to TACP and Toshiba, and denies them for lack of knowledge or information to the extent that they apply to any other defendant.

29. The separate infringement by Barco, Miranda, Toshiba America, Toshiba, and Syntax-Brillian has injured and will continue to injure Plaintiffs for all of Plaintiffs' unexpired patents, unless and until such infringement is enjoined by this Court.

**Response to Paragraph No. 29:**

TACP denies the allegations of Paragraph No. 29 to the extent that they apply to TACP and Toshiba, and denies them for lack of knowledge or information to the extent that they apply to any other defendant.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims against TACP are barred by the doctrine of laches.

2. Plaintiffs' claims against TACP are barred by the doctrine of waiver and/or estoppel.

3. Plaintiffs' claims against TACP are barred by settlement and release.

4. Plaintiffs' claims against TACP are barred by license.

5. Plaintiffs' claims against TACP are barred by plaintiffs' covenant not to sue Toshiba.

6. TACP does not infringe any claim of any patent asserted against TACP.

7. United States Patent Nos. 5,424,780 C1, 6,529,637 B1 and 6,870,964 are invalid pursuant to 35 U.S.C. §§ 101, 102, 103, and/or 112.

TACP reserves its right to revise, supplement or amend its answer and affirmative defenses.

## COUNTERCLAIMS

Counterclaimant TACP counterclaims against defendants IP Innovation L.L.C. ("IP") and Technology Licensing Corporation ("TLC"), and for causes of action alleges as follows:

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the laws of the United States concerning actions related to patents, 28 U.S.C. § 1338(a).

2. Venue lies in this judicial district under 28 U.S.C. § 1391(b).

### The Parties

3. Counterclaim-plaintiff TACP is a wholly-owned subsidiary of Toshiba America, Inc., with its principal place of business at 82 Totowa Rd., Wayne, NJ 07470. TACP has suffered, and will continue to suffer irreparable harm and economic injury due to Plaintiffs' allegations of infringement of one or more of the claims of the '780, '637, and '964 patents.

4. Counterclaim-defendant IP alleges that it is a Texas corporation with its principal place of business in Northbrook, Illinois. IP further alleges joint ownership of United States Patent Nos. 5,424,780 C1 ("the '780 patent"), 6,529,637 B1 ("the '637 patent"), and 6,870,964 ("the '964 patent), together with counterclaim-defendant TLC.

5. TLC alleges that it is a Nevada corporation with its principal place of business in Carson City, Nevada. TLC further alleges joint ownership of the '780, '637, and '964 patents together with IP.

### Declaratory Judgment of Non-Infringement

6. TACP repeats and realleges each of the allegations contained above as if fully set forth herein.

7. TACP does not infringe any claim of the '780, '637, and '964 patents.

8. A justiciable controversy exists between TACP and IP and TLC with respect to the allegations in the Complaint that TACP infringes one or more claims of the '780, '637 and '964 patents.

9. TACP has suffered, and will continue to suffer, irreparable harm and other economic injury in an amount to be proved at trial, caused by IP and TLC's patent infringement allegations in the Complaint.

### Declaratory Judgment of Invalidity

10. TACP repeats and realleges each of the allegations contained above as if fully set forth herein.

11. The claims of the '780, '637, and '964 patents are invalid for failure to comply with one or more of the provisions specified in, *inter alia*, 35 U.S.C. §§ 101, 102, 103, and/or 112.

12. A justiciable controversy exists between TACP and IP and TLC with respect to the validity of the '780, '637 and '964 patents.

13. TACP has suffered, and will continue to suffer, irreparable harm and other economic injury in an amount to be proved at trial, caused by IP and TLC's patent infringement allegations in the Complaint.

### Breach of Contract

14. TACP repeats and realleges each of the allegations contained above as if fully set forth herein.

15. In 2004, IP and TLC and Toshiba entered a Settlement and License Agreement.

16. The Settlement and License Agreement includes a release that encompasses Toshiba and TACP products of the type accused in this suit.

17.   The Settlement and License Agreement includes a covenant not to sue Toshiba or TACP as to Toshiba and TACP products of the type accused in this suit.

18.   IP and TLC's Complaint against Toshiba and TACP herein constitutes material breaches of the Settlement and License Agreement.

19.   TACP has suffered, and will continue to suffer, irreparable harm and other economic injury in an amount to be proved at trial, caused by IP and TLC's patent infringement allegations in the Complaint.

### Demand for Relief

WHEREFORE, TACP respectfully prays for an Order and Judgment as follows:

A.   Dismissing plaintiffs' Complaint against TACP with prejudice;

B.   Declaring that no claim of the '780, '637, and '964 patents is infringed by TACP;

C.   Declaring that the '780, '637, and '964 patents are invalid;

D.   Finding that plaintiffs' claims against TACP constitute breaches of the Settlement and License Agreement and awarding TACP direct and consequential damages sufficient to put it in as good a position as it would have occupied had plaintiffs not breached the Settlement and License Agreement, in an amount to be proved at trial;

E.   Preliminarily and permanently enjoining plaintiffs, their officers, agents, servants, employees, directors, former directors and attorneys, and those persons acting in active concert or participation with them who receive actual notice thereof, from initiating or maintaining any infringement litigation against TACP; and from threatening TACP or any of its customers, agents, employees or any present user of TACP's products, either verbally or in writing, with infringement of the '780, '637, and/or '964 patents.

F.  Finding that this is an exceptional case and awarding TACP its reasonable attorneys fees and costs; and

G.  Granting TACP such other and further relief as this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

TACP hereby demands a trial by jury on all issues so triable.

DATED this 29th day of August, 2007.

        Respectfully submitted,

        /s/ Amy G. O'Toole
        Amy G. O'Toole
        Brian J. Arnold
        BELL, BOYD & LLOYD, LLC
        70 West Madison Street, Suite 3100
        Chicago, Illinois 60602
        Telephone: (312) 372-1121

        Paul T. Meiklejohn
        Douglas F. Stewart
        DORSEY & WHITNEY LLP
        U.S. Bank Centre
        1420 Fifth Avenue, Suite 3400
        Seattle, Washington 98101
        Telephone: (206) 903-8800

        Attorneys for Defendant
        Toshiba America Consumer Products

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing TOSHIBA AMERICA CONSUMER PRODUCTS L.L.C.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFFS' CORRECTED FOURTH AMENDED COMPLAINT was filed electronically via CM/ECF in the United States District Court for the Northern District of Illinois, with notice of same being electronically served by the Court on the attorneys of record registered with the CM/ECF system this 29th day of August, 2007.

/s/ Amy G. O'Toole
Amy G. O'Toole