# EXHIBIT G

08/10/2007 16:55 IFAX fax_central.se@dorsey.com → Fax 002/010
08/10/2007 16:01 FAX 312 236 1805  NIRO SCAVONE  002/010
Case 5:07-mc-80226-JF  Document 2-8  Filed 09/24/2007  Page 2 of 11

## NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE
DAVID J. SHEIKH
VASILIOS D. DOSSAS
SALLY WIGGINS
RICHARD B. MEGLEY, JR.

181 WEST MADISON STREET-SUITE 4600

CHICAGO, ILLINOIS 60602-4515

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

August 10, 2007

MATTHEW G. McANDREWS
PAUL C. GIBBONS
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK
KARA L. SZPONDOWSKI
ROBERT A. CONLEY
ERIC J. MERSMANN
KAREN L. BLOUIN

OF COUNSEL:
THOMAS G. SCAVONE

**BY FACSIMILE: (206) 903-8820**
Paul T. Meiklejohn, Esq.
Dorsey & Whitney LLP
U.S. Bank Centre
1420 Fifth Avenue
Suite 3400
Seattle, Washington 98101-4010

Re: *New Medium Technologies, et al. v. Toshiba Corporation, et al.*

Dear Paul:

Our firm represents Jerry B. Torrance Jr. with respect to the subpoena served upon him in the evening of August 6, 2007. Please direct all correspondence and communication concerning Mr. Torrance to us.

Attached are objections to the August 6, 2007 subpoena. We note that the date for production of the documents set forth by the schedule A to the subpoena was unilaterally set by Toshiba for today, August 10, 2007. As this is a mere four days after service of the subpoena, documents will not be made available for production at this time. We expect relevant and responsive documents, to the extent there are any, will be produced subject to the attached objections in the near future.

Very truly yours,

Paul C. Gibbons

PCG:mm
cc: A. O'Toole
Enclosure

08/10/2007 16:55 FAX faxcentral.sedorsey.com → Fax 003/010
08/10/2007 18:01 FAX 312 236 1605 NIRO SCAVONE 003/010
Case 3:07-mc-80226-JF Document 2-8 Filed 09/24/2007 Page 3 of 11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEW MEDIUM LLC, AV TECHNOLOGIES LLC, J. CARL COOPER, PIXEL INSTRUMENTS CORPORATION, IP INNOVATIONLLC, and TECHNOLOGY LICENSING CORPORATION <br><br> Plaintiffs, <br><br> vs. <br><br> BARCO N.V., MIRANDA TECHNOLOGIES, TOSHIBA CORPORATION, TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C., and SYNTAX-BRILLIAN CORPORATION <br> Defendants. | No. 05 C 5620 <br><br> Judge Amy St. Eve <br> Magistrate Judge Cole <br><br> JURY TRIAL DEMANDED |

## OBJECTIONS TO TOSHIBA'S
## AUGUST 6, 2007 SUBPOENA TO JERRY B. TORRANCE JR.

Pursuant to Fed.R.Civ.P. 45(c)(2)(B), Jerry B. Torrance Jr. hereby responds to defendant's subpoena served August 6, 2007.

### GENERAL OBJECTIONS

1. Mr. Torrance objects to the subpoena to the extent it seeks the production of documents and things protected by the attorney-client privilege, attorney work product doctrine and/or any other applicable privilege or immunity.

2. Mr. Torrance objects to the subpoena to the extent it seeks the production of documents and things which are not relevant to the subject matter of this action and which are not reasonably calculated to lead to the discovery of admissible evidence.

3.  Mr. Torrance objects to the subpoena to the extent it is overly broad, unduly burdensome, especially in light of Mr. Torrance's non-party status, and not reasonably calculated to lead to the discovery of admissible evidence.

4.  Mr. Torrance objects to the subpoena to the extent it seeks public information readily accessible to the defendants without Mr. Torrance's production, and/or to the extent that it seeks documents previously produced in the case.

5.  Mr. Torrance objects to the subpoena based upon its belated service and the lack of time between the date of service, the evening of August 6, 2007, and the date on which the subpoena commands the production and inspection of documents, August 10, 2007.

6.  Mr. Torrance objects to the Notice of Deposition for reasons 1-4 set forth above.

## SPECIFIC OBJECTIONS

### Request No. 1

All documents and things concerning the declaration you signed on July 26, 2001, which is attached as Exhibit 1.

### Response:

See general objections 1-5. Subject to these objections, copies of non-privileged, reasonably responsive and relevant documents in Mr. Torrance's possession will be produced to the extent any may exist.

### Request No. 2

All documents and things concerning communications with a) Cooper, b) any company with which Cooper is affiliated or of which he is a partial or full owner, director or officer, and/or c) any attorney or agent of a) or b) concerning the Exhibit 1 declaration or prosecution of and Cooper patent application.

2

08/10/2007 16:55 IFAX fax_central.se@dorsey.com → SCAVONE 005/010
08/10/2007 18:01 FAX 312 236 1605 NIRO SCAVONE 005/010
Case 5:07-mc-80226-JF   Document 2-8   Filed 09/24/2007   Page 5 of 11

**Response:**

See general objections 1-5. Mr. Torrance further objects to the extent this request is vague, overly broad and ambiguously stated, encompassing topics and issues not personally known to him or of which he is aware. Subject to these objections, copies of non-privileged, reasonably responsive and relevant documents in Mr. Torrance's possession will be produced to the extent any may exist.

**Request No. 3**

All documents and things which refer or relate to a) Cooper, b) any company with which Cooper is affiliated or of which he is a partial or full owner, director or officer, and/or c) any attorney or agent of a) or b) concerning the Exhibit 1 declaration or prosecution of any Cooper patent application.

**Response:**

See general objections 1-5. Mr. Torrance further objects to the extent this request is vague, overly broad and ambiguously stated, encompassing topics and issues not personally known to him or of which he is aware. Subject to these objections, copies of non-privileged, reasonably responsive and relevant documents in Mr. Torrance's possession will be produced to the extent any may exist.

**Request No. 4**

All documents and things which refer or relate to communications between you and any other person regarding Cooper; [sic] the '780 patent, or your declaration.

**Repsonse:**

See general objections 1-5. Subject to these objections, copies of non-privileged, reasonably responsive and relevant documents in Mr. Torrance's possession will be produced to the extent any may exist.

3

### Request No. 5

All drafts of the Exhibit 1 declaration.

### Response:

See general objections 1-5. Subject to these objections, no documents responsive to this request exist.

### Request No. 6

All bills relating to the Exhibit 1 declaration.

### Response:

See general objections 1-5. Subject to these objections, copies of non-privileged, reasonably responsive and relevant documents in Mr. Torrance's possession will be produced to the extent any may exist.

### Request No. 7

All documents and things concerning any relationship prior to during, or after the execution of the Exhibit 1 declaration which relate or refer to any relationship between you and a) Cooper, b) any company with which Cooper is affiliated or of which he is a partial or full owner, director or officer, and/or c) any attorney or agent of a) and/or b).

### Response:

See general objections 1-5. Mr. Torrance further objects to the extent this request is vague, overly broad and ambiguously stated, encompassing topics and issues not personally known to him or of which he is aware. Subject to these objections, copies of non-privileged, reasonably responsive and relevant documents in Mr. Torrance's possession will be produced to the extent any may exist.

### Request No. 8

All documents and things which refer or relate to money and/or compensation received from a) Cooper, b) any company with which Cooper is affiliated or of which he

4

08/10/2007 16:55 IFAX fax_sentral.se@dorsey.com → Fax ☒007/010
08/10/2007 18:02 FAX 312 236 1805 NIRO SCAVONE ☒007/010
Case 3:07-md-03026-JE Document 28 Filed 09/24/2007 Page 7 of 11

is a partial or full owner, director or officer, and/or c) any attorney or agent of a) and/or b).

**Response:** See general objections 1-5. Mr. Torrance further objects to the extent this request is vague, overly broad and ambiguously stated, encompassing topics and issues not personally known to him or of which he is aware. Subject to these objections, copies of non-privileged, reasonably responsive and relevant documents in Mr. Torrance's possession will be produced to the extent any may exist.

**Request No. 9**

All documents and things concerning the declarant's first knowledge of a) the '780 patent; [sic] and b) the reexamination proceeding as to the '780 patent.

**Response:**

See general objections 1-5. Mr. Torrance further objects to the extent this request is vague, overly broad and ambiguously stated. Subject to these objections, copies of non-privileged, reasonably responsive and relevant documents in Mr. Torrance's possession will be produced to the extent any may exist.

**Request No. 10**

All documents and things which refer or relate to communications between you and any other person regarding the '780 patent.

**Response:**

See general objections 1-5. Mr. Torrance further objects to the extent this request is vague, overly broad and ambiguously stated. Subject to these objections, copies of non-privileged, reasonably responsive and relevant documents in Mr. Torrance's possession will be produced to the extent any may exist.

5

### Request No. 11

All documents and things concerning communications with Jan Stoeckenius, Kevin M. Klughart and Sheldon L. Epstein.

**Response:**

See general objections 1-5. No such documents exist.

### Request No. 12

All documents and things which refer or relate to any communication with Jan Stoeckenius, Kevin M. Klughart and Sheldon L. Epstein.

**Response:**

See general objections 1-5. No such documents exist.

### Request No. 13

All prior art to the '780 patent.

**Response:**

See general objections 1-5. Subject to these objections, copies of non-privileged, reasonably responsive and relevant documents in Mr. Torrance's possession will be produced to the extent any may exist.

### Request No. 14

All documents and things sent to or received from William S. Lightbody.

**Response:**

See general objections 1-5. No such documents exist.

### Request No. 15

All documents and things concerning any communications which refer or relate to William S. Lightbody.

**Response:**

See general objections 1-5. No such documents exist.

08/10/2007 16:56 IFAX fax_central.se@dorsey.com → Fax ☑009/010
08/10/2007 18:02 FAX 312 236 1605 NIRO SCAVONE ☑009/010
Case 5:07-mc-80226-JF Document 2-8 Filed 09/24/2007 Page 9 of 11

Respectfully Submitted,

*[signature]*

Raymond P. Niro
Joseph N. Hosteny
Arthur A. Gasey
Paul C. Gibbons
Douglas M. Hall
David J. Mahalek
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733

ATTORNEYS FOR NEW MEDIUM LLC, AV TECHNOLOGIES LLC, J. CARL COOPER, PIXEL INSTURMENTS CORPORATION, IP INNOVATION LLC, and
TECHNOLOGY LICENSING CORPORATION

08/10/2007 16:56 IFAX fax_central.se@dorsey.com → Fax 010/010
08/10/2007 18:02 FAX 312 236 1605 NIRO SCAVONE 010/010
Case 3:07-mc-80226-JF Document 2-8 Filed 09/24/2007 Page 10 of 11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **OBJECTIONS TO TOSHIBA'S AUGUST 6, 2007 SUBPOENA TO JERRY B. TORRANCE JR.** has been served by facsimile on the below-listed counsel of record this 10th day of August 2007:

Paul T. Meiklejohn
Dorsey & Whitney LLP
1420 Fifth Avenue – suite 3400
Seattle, WA 98101-4010
Telephone: (206) 903-8746
Facsimile: (206) 903-8820
Meiklejohn.paul@dorsey.com

Amy Gast O'Toole
Bell Boyd & Lloyd
70 West Madison, Suite 3100
Chicago, IL 60602
Telephone: (312) 372-1121
Facsimile: (312) 827-8000
emartin@bellboyd.com
aotoole@bellboyd.com

/s/ Paul C. Gibbons

08/10/2007 16:55 IFAX fax_central.se@dorsey.com → Fax 001/010
08/10/2007 18:00 FAX 312 236 1805 NIRO SCAVONE 001/010
Case 2:07-mc-80228-JES Document 2-8 Filed 09/24/2007 Page 11 of 11

# FAX TRANSMITTAL SHEET

## NIRO SCAVONE HALLER & NIRO

181 W. MADISON, STE. 4600
Chicago, IL 60602
(312) 236-0733

| | | |
|---|---|---|
| *Date:* | August 10, 2007 | |
| *Fax to:* | *Paul T. Meiklejohn* | 206-903-8820 |
| | *Amy Gast O'Toole* | 312-827-8000 |
| *From:* | *Paul C. Gibbons* | |
| *Number of pages:*<br>(including transmittal sheet) | 10 | |
| *Comments:* | | |

### *IF YOU DID NOT RECEIVE ALL PAGES, PLEASE CALL Mary Martin - - 312/236-0733.*

---

**CONFIDENTIALITY NOTICE**

*This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named below. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for the return of the documents.*

---